**STATE of Tennessee, Appellee,**

v.

**James CRABTREE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 23, 1983.

Richard L. Moore, Marietta, Ga., James F. Logan, Conrad Finnell, Cleveland, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, J. Andrew Hoyal, II, Asst. State Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Joseph McCoin, Asst. Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of conspiracy to manufacture more than two hundred grams of methaqualone and was sentenced to serve twenty (20) years in the penitentiary.

The defendant says the evidence was insufficient to support the jury verdict, says the trial court abused its discretion in denying the defendant's motion for a continuance, says the trial court erred in limiting the defendant's cross-examination of a state's witness during a jury-out hearing, says the trial court erred in refusing to allow the defendant to take the fifth amendment if the defendant chose to testify in a jury-out hearing on the admissibility of tapes, says the trial court improperly admitted into evidence transcripts of tape recorded conversations between the defendant and agents for the drug enforcement administration, says the trial court erred in denying the defendant's special instruction regarding how the jury is to consider evidence of other crimes, says the trial court erred in admitting into evidence a threat made by co-conspirators to a witness for the state approximately a month after the defendant's arrest, and says the trial court erred in overruling the defendant's motion to suppress.

The case is remanded for a hearing on the motion to suppress.

The defendant had been under surveillance by local and federal officers prior to his arrest. The defendant operated a business in Etowah. On January 7, 1981, a burglary alarm sounded at the building where the defendant's business was located.

The building, in which the defendant's business was located, was divided and another business was also located there. Police officers responded to the burglary alarm and entered the building. The officers searched throughout the building to determine if a burglar was in the building. On the second floor in the portion of the building which the defendant used, a laboratory was found. The state presented evidence that this laboratory was capable of making methaqualone.

The state introduced transcripts of telephone conversations between the defendant and a federal drug agent about drug transactions and the purchase of a press to make methaqualone tablets. The state also introduced transcripts of conversations between an informant, the defendant and two others in Florida in which the people discussed a situation where some methaqualone had been manufactured and in which drug transactions were discussed.

The state's evidence showed the defendant also purchased chemicals in Ohio, which could be used in manufacturing methaqualone.

Chemicals and an instruction book on how to make methaqualone were found in the laboratory. An expert examined these and testified the only thing not present at the laboratory necessary to manufacture methaqualone was a pint of cooking oil.

The defendant offered no evidence to refute the evidence of the state.

 The evidence of the state was circumstantial. A crime may be shown by circumstantial evidence, and the connection of an accused with the crime may also be shown by circumstantial evidence. The evidence in this case is sufficient to establish the crime and the defendant's guilt beyond a reasonable doubt. T.R.A.P. 13(e).

We find the trial court did not err in denying a continuance in this case because of the addition of witnesses to the list of witnesses which the state intended to call. These witnesses were from out of state. The bulk of these names were given to

defense counsel ten days prior to trial, and two of the names were given to the defendant five days prior to trial.

■ The failure of the state to list witnesses names on the indictment is not a sufficient basis for upsetting a judgment unless there is a showing such failure unfairly prejudices an accused. *Houston v. State,* 567 S.W.2d 485 (Tenn.Cr.App.1978). When additional witnesses are added to the list of those the state intends to call and the defendant contends he has not had sufficient opportunity to interview such witnesses, the trial court must determine whether a continuance is required in order that the defendant will not be unfairly prejudiced. This decision is left to the discretion of the trial judge, and unless the record shows an abuse of this discretion, the action of the trial court will not be disturbed on appeal. *State v. Bush,* 626 S.W.2d 470 (Tenn.Cr. App.1981). The record in this case does not show the trial court abused its discretion in this matter.

■ The defendant contends he should have been granted a continuance because he says he was given insufficient notice of the state's intention to use transcripts of taped conversations as evidence at trial. On Friday prior to the trial which began on Monday, the state obtained tapes of conversations, which showed the defendant was involved in illicit drugs and which were pertinent to the charges against him. The state notified the defendant's attorney about the tapes, and the attorney listened to them on that day. The transcript was furnished to the defendant on the day prior to their introduction into evidence. We find nothing in the record to show the trial judge abused his discretion in denying a continuance.

■ The defendant claims he was not allowed to fully cross-examine a state's witness in a jury-out hearing to determine the authenticity of tape recordings. Defense counsel, to support his theory of a double jeopardy violation, sought to show through cross-examination of the witness that the defendant had been convicted in Federal

District Court in Florida on the basis of evidence contained in the tapes. The trial court found this line of questioning was not material and prohibited it. We agree with the trial court's action. Under the dual sovereignty doctrine, a defendant can be prosecuted and convicted in both state and federal court upon the same evidence without offending the double jeopardy clause.

■ The defendant claims he was erroneously denied the right to take the fifth amendment if he testified during the hearing on the admissibility of the tapes. It is clear the defendant wished to testify about the federal conviction in order to support his double jeopardy theory. He asserted he would invoke his fifth amendment right to any questions concerning his connection with the conversations in the tapes. The hearing was to determine the authenticity of the tapes. The double jeopardy claim was irrelevant. If the defendant intended to testify at the hearing, he could not selectively invoke the fifth amendment to questions about the authenticity of the tapes. The trial judge did not err in this regard.

■ The introduction of tapes, which showed the defendant was involved in the illicit distribution of drugs, was not erroneous on the theory that this impermissibly placed the defendant's character in evidence. The defendant argues his character had not been placed into evidence and that these tapes, which were introduced by the state, were not substantive evidence indicating guilt but were rather evidence of bad character. The charge in this case was a conspiracy to manufacture methaqualone. The people with whom the defendant had the recorded conversations were shown to be co-conspirators and a federal drug agent. The evidence shows the conspiracy was in operation during the time of the conversations. This being the situation, these tapes were properly introduced as substantive evidence indicating the defendant's guilt on the charges. *State v. Lequire,* 634 S.W.2d 608 (Tenn.Cr.App.1981).

■ We do not find there was a violation of Rule 16 (discovery), Tennessee Rules

of Criminal Procedure in the introduction of the previously mentioned tapes. From the record before us, it appears the state did not know of the existence of the tapes, which were in the custody of federal agents, until Thursday prior to the trial which began on Monday. It appears the state did not have an opportunity to hear the tapes until Friday. The defendant's counsel was allowed to hear the tapes on that day.

The trial judge properly denied the defendant's request to instruct the jury on how to consider evidence of other crimes in considering their verdict. This instruction was requested because of the contents of the taped conversations, which were introduced. This evidence was substantive evidence indicating the defendant's guilt. The trial judge properly instructed the jury in this case. The cautionary instruction sought by the defendant was not applicable to the evidence.

The defendant contends the trial court erroneously allowed a witness to testify about threats made to him by the defendant's co-conspirators approximately a month after the defendant and the co-conspirators had been arrested. The threats were for the purpose of deterring the witness from testifying. The defendant claims this testimony was inadmissible because the conspiracy had ended, the co-conspirators were not present at his trial and the defendant was not present when the threats were made. There was no error in admitting this evidence.

A conspiracy may continue after the crime has been completed for, among other things, the concealment of the crime or to prevent witnesses from testifying. 22A C.J.S. Criminal Law § 770. The threats made to the witness were for the purpose of avoiding conviction for the offense and were admissible on that basis.

The fact that the defendant was not present when the threats were made does not make the statements inadmissible. Acts or declarations of a conspirator in furtherance of the conspiracy are admissible against a co-conspirator. *State v. Lequire, supra.* Such acts or statements are admissible whether or not the conspirator who is being tried was present when the acts were done or the statements were made.

The defendant claims the trial court's denial of his motion to suppress was error because the warrantless search was conducted without probable cause and because the court refused to allow the defendant to fully present evidence regarding his contention that the alleged burglary was a sham. The defendant claims that no burglary occurred and says the police used the alleged burglary as a subterfuge to enter his business.

At the suppression hearing, the state, who had the burden of showing the warrantless search and seizure was valid, introduced only one officer, who testified he went to the business because the burglary alarm had sounded. This officer testified there was no showing of a forced entry from outside the building. He testified the entry door was open and that there were signs of a burglary within the building.

At the completion of this evidence, the trial judge advised defense counsel the burden had shifted to him to show his contention of a subterfuge. Defense counsel announced he wished to call to the stand another officer, who was present at the time of the entry and search. The court would not permit the defendant to call this officer or any other officers unless the defendant interviewed the witnesses prior to calling them. In a colloquy between counsel and the court, counsel stated he would like to know what the officers would say. The court told counsel he could interview them at another time but he could not use the court's time to interview these witnesses.

The laboratory, the chemicals and the other paraphernalia found as a result of the search and seizure were essential for the state to show the defendant committed a crime in this state. The legality of the search and seizure was crucial to the state and the defendant.

A warrantless search and seizure is presumed to be illegal, and the state bears the burden of showing such search and seizure is reasonable. "[A] warrantless entry by criminal law enforcement officials may be legal when there is compelling need for official action and no time to secure a warrant," *Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978), and when entry is made under exigent circumstances, a search is reasonable so long as the search is reasonable to effectuate the purpose of the entry. *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). If the warrantless entry is reasonable under the circumstances, then officers may seize what is in plain view. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). If, however, the warrantless entry is unreasonable, then the seizure is illegal and evidence seized cannot be used against an accused.

The evidence offered by the state shows the officers entered the building under circumstances indicating a burglary was in progress. It was reasonable for the officers to enter the building, search for a burglar and seize the items which were in plain view, if the state's theory is supported by the proof.

The defendant, on the other hand, was entitled to show the police created a mock burglary as an excuse to make an unauthorized entry and search of his business. If this were the case, the items seized should have been suppressed. We find the trial judge unduly restricted the defendant from exercising his right to present evidence in support of his premise.

Because the trial court erroneously prohibited the defendant from offering evidence on the motion to suppress, we remand this case back to the trial court for another hearing on the motion to suppress. *See State v. Jefferson,* 529 S.W.2d 674 (Tenn. 1975). If the trial court finds the warrantless entry was unreasonable, he may grant a new trial and suppress the evidence seized and introduced in this case. If the trial court finds the entry was reasonable and that the seizure was lawful, he shall enter an order accordingly, and the conviction and judgment in this case shall stand.

If the state or the defendant, or both, disagree with the finding of the trial court, on the issues involved in the remand, either or both may appeal.

TATUM and CORNELIUS, JJ., concur.