**STATE of Tennessee, Appellee,**

v.

**Atlas B. CROSS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 12, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Mike Bottoms, Dist. Atty. Gen., Lawrenceburg, for appellee.

David Comer, Lawrenceburg, for appellant.

## OPINION

O'BRIEN, Judge.

This defendant was convicted of driving under the influence of an intoxicant at a bench trial in the Lawrence County Circuit Court. He was fined Two Hundred Fifty Dollars ($250), sentenced to serve thirty days in jail and placed on one (1) year probation.

Prior to trial defendant filed a motion to suppress evidence obtained as the result of his illegal arrest without a warrant. A hearing was held on this motion in the course of which the State's counsel insisted, and the trial court agreed, that the burden of proof was on the defendant to show his arrest was illegal and the evidence obtained against him should be suppressed. We do not understand that to be the law.

There is no doubt that a temporary investigative stop is permissible. *State v. Raspberry*, 640 S.W.2d 227, 230 (Tenn.Cr. App.1982). It is also clear from that case, that, "whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person," citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). A warrantless search and [or] seizure is presumed to be illegal, and the State bears the burden of showing such search and seizure to be reasonable. See *State v. Crabtree*, 655 S.W.2d 173, 179 (Tenn.Cr.App.1983); *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971).

The arrest in this case was without a warrant. The burden was on the State to show the justification for the arrest. The State introduced no evidence at the suppression hearing and argues here that this failure was cured at the trial on the merits. A search cannot be justified by what it produces nor an arrest justified by the fruit of an illegal search. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Only the defendant testified at the suppression hearing. While in some instances a defendant may make illegally seized evidence admissible by his testimony, this suppression hearing record is devoid of any evidence to show why defendant was initially detained. The action of the trial court in overruling the motion to suppress was in error and the case must be reversed and dismissed.

REVERSED AND DISMISSED.

DWYER and BYERS, JJ., concur.