# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL SESSION, 1998

FILED

June 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9706-CR-00222 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | GREENE COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER |
| REGINALD ALLAN GILLESPIE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Possession with |
| | ) | Intent to Sell Controlled Substance) |

FOR THE APPELLANT:

GREG W. EICHELMAN
Office of the Public Defender
1609 College Park Drive, Box 11
Morristown, TN  37813-1618

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY C. PATRICK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN.  37243-0943

C. BERKELEY BELL
District Attorney General

ERIC D. CHRISTIANSEN
Assistant District Attorney
109 South Main Street
Greeneville, TN.  37743

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Reginald Allan Gillespie, was convicted by a Greene County jury of one (1) count of possession of with the intent to sell more than 0.5 grams of cocaine, a Class B felony, one (1) count of simple possession of marijuana, a Class A misdemeanor, and one (1) count of unlawful possession of a weapon, a Class E felony. He was sentenced as a Range I, standard offender to ten (10) years for possession of cocaine with the intent to sell, one (1) year for unlawful possession of a weapon and eleven (11) months and twenty-nine (29) days for possession of marijuana. On appeal, Appellant raises three issues:

> 1) whether the trial court properly denied Appellant's motion to suppress the evidence seized in the search of Appellant's person;
>
> 2) whether there was sufficient evidence at trial to support the jury's verdict; and
>
> 3) whether the trial court erred in imposing his sentences.

After a review of the record before this Court, we affirm the judgment of the trial court.

## FACTS

On August 14, 1996, Officer Tim Hartman of the Greeneville Police Department was patrolling Davis Street in Greeneville when he observed the appellant and two other men standing along the "Wall."[1] Officer Hartman was traveling at a low rate of speed and the windows were down on his police cruiser. Upon his detection of the odor of burning marijuana, the officer stopped his car,

---

[1] At the hearing on the motion to suppress, the "Wall" was described as a high crime area along Davis Street.

requested back up and exited his vehicle. As he approached the three men, he saw smoke lingering about them. Officer Hartman asked the men where the marijuana was located, but did not receive a response.

Officer Hartman instructed the men to turn around and face the wall, spread their legs and put their hands on the wall. He conducted a patdown search of the appellant, and as he did so, he felt a large lump in the appellant's right and left front pants pocket. Because the officer recognized the "lump" in the appellant's left front pocket as being a "plastic bag of material," he pulled out the contents of the pocket. This search produced a lighter, $103 in cash, and a plastic bag containing thirty rocks of crack cocaine. The officer further discovered another plastic bag which contained one rock of crack cocaine in the vicinity where the appellant had been standing. Following the search, Officer Hartman arrested the appellant.

Subsequently, another officer arrived on the scene, and he conducted a second search of the appellant's person. His search of the appellant produced a gun, a loaded clip, and 3.6 grams of marijuana.

The jury found the appellant guilty of possession with intent to sell more than 0.5 grams of cocaine, simple possession of marijuana, and unlawful possession of a deadly weapon. The trial court sentenced him to concurrent terms of ten (10) years for possession with the intent to sell, eleven (11) months and twenty-nine (29) days for simple possession and one (1) year for unlawful possession of a weapon. From his convictions and sentences, the appellant now brings this appeal as of right.

## MOTION TO SUPPRESS

The appellant contends that the trial court erred in denying his motion to suppress the evidence seized as a result of the officers' search of his person. He argues that the initial patdown search conducted by Officer Hartman was unreasonable as it was not supported by reasonable suspicion or probable cause.

**A.**

At the suppression hearing, Officer Hartman testified that he was patrolling in a high crime area on Davis Street when he noticed the appellant and two other men standing along the "Wall." His car windows were rolled down, and he detected the scent of burning marijuana. Officer Hartman was familiar with the odor of burning marijuana as a result of his training as a police officer. As the officer exited his vehicle and approached the men, he observed smoke lingering about them. In addition, he recognized the strong odor of burning marijuana. At this point, the officer conducted a patdown search of the appellant[2] and felt a large lump in both of the appellant's front pants pockets. The officer then emptied the contents of the appellant's left front pants pocket and discovered a lighter, $103 in cash and a plastic bag which contained crack cocaine. The appellant was arrested, and another search of the appellant's person produced a handgun and two bags containing marijuana.

In denying the motion to suppress, the trial court found that the patdown search of the appellant was supported by reasonable suspicion. The court noted that, upon the officer detecting the smell of burning marijuana, it was logical to

---

[2] The officer conducted a patdown search of all three (3) men, but apparently began with the appellant as he was "the closest" to Officer Hartman at the time. Neither of the other men were charged with a criminal offense as a result of the officer's patdown search.

conclude that someone in the group of three was smoking marijuana, given the fact that there was no one else present. The court further stated that the officer "may very well have" had probable cause to search the appellant and his companions. The trial court recognized the easily disposable nature of the drugs and concluded that there were exigent circumstances which justified the more intrusive search of the appellant's person. As a result, the trial court concluded that the search of the appellant's person was constitutionally permissible.

## B.

In reviewing a trial court's denial of a motion to suppress, this Court is bound by the trial court's findings of fact unless the evidence preponderates otherwise. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). However, the law as applied to those facts is subject to *de novo* review. Id. The appellant bears the burden of demonstrating that the evidence preponderates against the trial court's findings. State v. Odom, 928 S.W.2d 18, 22-23 (Tenn. 1996).

## C.

The Constitution of the State of Tennessee guarantees that "the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures. . . ." Tenn. Const. art. I, § 7. The Fourth Amendment to the United States Constitution provides the same guarantee. Any search conducted without a warrant is presumed illegal. State v. Crabtree, 655 S.W.2d 173, 179 (Tenn. Crim. App. 1983). The state has the burden of showing that a warrantless search was conducted within a recognized exception to the warrant requirement. State v. McClanahan, 806 S.W.2d 219, 220 (Tenn. Crim. App. 1991). One such recognized exception is a search supported by probable cause and conducted under exigent circumstances. State v. Shrum, 643 S.W.2d 891, 893 (Tenn. 1982); State v. Blakely, 677 S.W.2d 12, 16 (Tenn. Crim. App.

1983). "Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998).

**D.**

Although the trial court concluded that Officer Hartman had reasonable suspicion which would warrant an investigatory detention, the court acknowledged that the officer "may very well have" had probable cause when he detected the scent of burning marijuana. We agree. The appellant and two other men were standing alone in a high crime area. The officer, as he was driving slowly past the men, noticed the odor of burning marijuana. He stopped his car, exited his vehicle and approached the men. Smoke was lingering about the men, and the officer noticed a strong smell of marijuana. Certainly, the officer's detection of the strong odor of marijuana and his observation of smoke around the three men gave the officer a "reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Henning, 975 S.W.2d at 294. Thus, we conclude that Officer Hartman had probable cause to believe that the men were committing an illegal act.

Moreover, Officer Hartman was confronted with the possibility that the appellant might flee from his presence. Additionally, as observed by the trial court, the appellant had the ability to dispose of the drugs, even in the presence of the officers. In our view, to have failed to search under such circumstances would have meant risking loss of the contraband. See State v. Shrum, 643 S.W.2d at 893. Thus, we conclude that there were exigent circumstances which justified the warrantless search of the appellant's person.

Because Officer Hartman's search was supported by probable cause and was conducted under exigent circumstances, we conclude that the trial court properly denied the appellant's motion to suppress. This issue is without merit.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, the appellant contends that the evidence is insufficient to support his conviction for possession with the intent to sell. Appellant complains there was no actual sale or any direct evidence of a sale submitted to the jury. He further asserts that the state's reliance on the presence of cash, a beeper, and the amount of cocaine was insufficient to prove that the cocaine found on his person was possessed for the purpose of resale.

### A.

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

It is well-settled that a criminal offense may be established exclusively by circumstantial evidence. State v. Lequire, 634 S.W.2d 608, 614 (Tenn. Crim. App. 1981); State v. Hailey, 658 S.W.2d 547, 552 (Tenn. Crim. App. 1983). Further, to support a conviction based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other

reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 470 S.W.2d 610, 612 (1971).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the jury as the trier of fact. State v. Tuttle, 914 S.W.2d at 932.

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d at 476.

**B.**

To convict the appellant for the crime of possession of a controlled substance with the intent to sell, the state was required to prove that the appellant "possessed a controlled substance with intent to manufacture, deliver or sell such controlled substance." Tenn. Code Ann. § 39-17-417 (a)(4). Tenn.

-8-

Code Ann. § 39-17-419 provides, in pertinent part, "[i]t may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing."

In the present case, Officer Hartman found thirty (30) rocks of cocaine on the appellant's person. In our view, the large amount of cocaine found on Appellant's person and the location of the crime support an inference of intent to sell as opposed to personal use. State v. Brown, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995). Furthermore, the appellant was carrying a handgun and a beeper at the time of his arrest, which is also circumstantial evidence indicating an intent to sell. See State v. Willie J. Wade, C.C.A. No. 02C01-9709-CC-00359, 1998 Tenn. Crim. App. LEXIS 630, Fayette County (Tenn. Crim. App. filed June 11, 1998, at Jackson); State v. Ronald Mitchell, C.C.A. No. 02C01-9702-CC-00070, 1997 Tenn. Crim. App. LEXIS 871, Lauderdale County (Tenn. Crim. App. filed September 15, 1997, at Jackson); State v. Reginald T. Smith, C.C.A. No. 02C01-9204-CR-00097, 1993 (Tenn. Crim. App. filed February 17, 1993, at Jackson). Based upon the foregoing cogent circumstances, we conclude that the jury could have reasonably found each of the elements of the offense beyond a reasonable doubt.

This issue is without merit.

## SENTENCING

Finally, the appellant contends that the trial court erred in imposing excessive sentences. Specifically, he claims that the trial court erroneously

applied an enhancement factor in sentencing him on his convictions for possession with the intent to sell cocaine and simple possession of marijuana.

**A.**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Ordinarily, a trial court is required to make specific findings on the record with regard to sentencing determinations. *See* Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f). However, with regard to misdemeanor sentencing, our Supreme Court has recently held that this Court's review of misdemeanor sentencing is *de novo* with a presumption of correctness even if the trial court did not make specific findings of fact on the record because "a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;

(2) [t]he presentence report;

(3) [t]he principles of sentencing and arguments as to sentencing alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the 1989 Sentencing Act, the presumptive sentence is the minimum within the applicable range if no mitigating or enhancement factors for sentencing are present. Tenn. Code Ann. § 40-35-210(c); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See State v. Palmer, 902 S.W.2d 391 (Tenn. 1995). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Misdemeanor sentences do not contain ranges of punishments, and a misdemeanor defendant may be sentenced to the maximum term provided for

the offense as long as the sentence imposed is consistent with the purposes of the sentencing act. State v. Palmer, 902 S.W.2d at 393.

**B.**

At the sentencing hearing, the trial court found one enhancement factor and no mitigating factors applicable. The trial court found that Tenn. Code Ann. § 40-35-114(9), that the appellant possessed or employed a firearm during the commission of the offense to be applicable to the appellant's sentences for possession with the intent to sell cocaine and simple possession of marijuana. The trial court imposed a sentence of ten (10) years for appellant's sentence for possession with the intent to sell, a Class B felony, and eleven (11) months and twenty-nine (29) days for simple possession. Because no enhancement factors were applicable to the appellant's conviction for unlawful possession of a weapon, the trial court imposed the minimum sentence of one (1) year for the Class E felony.

**C.**

Enhancement factors can be utilized by the trial judge if these factors are "not themselves essential elements of the offense as charged in the indictment." Tenn. Code Ann. § 40-35-114, Sentencing Commission Comments. In the present case, the trial court used the deadly weapon enhancement factor to enhance the appellant's sentence. In our view, this was clearly proper. Possession of a deadly weapon is not an essential element of either the offense of possession with intent to sell or simple possession of marijuana. Thus, the trial court appropriately applied this enhancement factor.

The trial court found no mitigating factors and one (1) enhancement factor for the possession convictions. The weight for each enhancement factor is left to the discretion of the trial court as long as its findings are supported by the

record. State v. Santiago, 914 S.W.2d at 125. For possession with the intent to sell, the trial court sentenced the appellant to ten (10) years, the middle of the range for a Class B felony. This sentence was entirely appropriate. Furthermore, for simple possession of marijuana, a Class A misdemeanor, there is no presumption of a minimum sentence. Thus, the trial court imposed appropriate sentences for the appellant's convictions for possession of cocaine with the intent to sell and simple possession of marijuana.

This issue has no merit.

## CONCLUSION

The search of the appellant's person was constitutionally permissible, and the trial court did not err in denying the appellant's motion to suppress. Furthermore, the evidence is sufficient to support the appellant's convictions, and the trial court imposed appropriate sentences. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

__Not Participating_____
PAUL G. SUMMERS, JUDGE

_____
JAMES CURWOOD WITT, JR.

-13-