Albert **HELTON**, Plaintiff in Error,

v.

**STATE of Tennessee**, Defendant in Error.

Court of Criminal Appeals of Tennessee.

May 29, 1975.

Certiorari Denied by Supreme Court
Sept. 2, 1975.

Willian M. Leibrock, Newport, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Henry F. Swann, Dist. Atty. Gen., Dandridge, for defendant in error.

## OPINION

OLIVER, Judge.

Represented in this proceeding by appointed counsel, the petitioner Albert Helton, an inmate of the State Penitentiary where he is serving a three to five year sentence for concealing stolen property adjudged in the Circuit Court of Cocke County when the same attorney represented him by appointment, has perfected an appeal to this Court from the judgment of that court dismissing his petition for post-conviction relief (TCA § 40–3801, et seq.) after a full evidentiary hearing.

The petitioner was convicted of "aiding and abetting receiving stolen property" on 22 May 1972. On appeal to this Court, the judgment of the trial court was modified (in order to conform with the verdict of the jury) to concealing stolen property and affirmed. *Marshall v. State*, 497 S.W.2d 761 (Tenn.Cr.App.1973), cert. den. June 18, 1973.

In his present petition Helton attacked his conviction upon several grounds, but in this appeal he has elected to press only three of them. We now consider those.

The first contention is that the petitioner did not receive a fair trial because one of the trial jurors held a bad check written by him. We gather from the record that the juror in question did in fact have such a check, but did not realize until after the trial was over that it was written by the petitioner.

At the evidentiary hearing upon this petition, the petitioner's attorney testified he knew about the check during the voir dire examination of the juror, that he questioned this juror somewhat more than he would have done if he had not had that information, that he accepted this juror and did not raise this question in the direct appeal to this Court. Helton testified in the evidentiary hearing that he knew of the possible prejudice of the juror and that he informed his attorney about that before the trial.

■■ What the Supreme Court of this State said in *Thomas v. State*, 109 Tenn. 684, 75 S.W. 1025, 73 years ago, is controlling and clearly mandates rejection of the petitioner's contention that a trial juror was disqualified:

> "Further, it does not appear by affidavits of the plaintiff in error, or of his counsel, or otherwise, that the alleged disqualification of the jurors attacked was unknown to them when they were sworn, or at other times before the verdict was rendered, or that he called the attention of the court to their disqualification as soon as he received the information.

> "This is necessary in all cases where new trials are asked upon account of the misconduct or disqualification of jurors. Parties can not knowingly permit incompetent jurors to try their cases, and then take advantage of the incompetency when the verdict is adverse to them. They can not experiment with the courts in this way, but must call the attention of the trial judge to the facts in the proper manner at the earliest opportunity, or they will be held to have waived the disqualification."

■■ Next, Helton contends that he was sentenced upon an illegal verdict. This insistence was fully considered by this Court in his direct appeal from his conviction. *Marshall v. State, supra.* It is fundamental that habeas corpus and post-conviction proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction. *Ray v. State*, 489 S.W.2d 849 (Tenn.Cr.App.1972) and cases therein cited. See also: TCA §§ 40–3811 and 40–3812, which preclude post-conviction relief upon a ground previously determined.

■■ Finally, Helton urges in this petition and before this Court that the trial court erred in not granting him a severance, his specific insistence being that in a separate trial his co-defendant Marshall could have testified in his defense. We may take judicial notice of the record of the petitioner's direct appeal to this Court. *State ex rel. Leighton v. Henderson*, 1 Tenn.Cr.App. 598, 615, 448 S.W.2d 82; *Canupp v. State*, 3 Tenn.Cr.App. 249, 250, 460 S.W.2d 382; *State ex rel. Brown v. Newell*, 216 Tenn. 284, 391 S.W.2d 667. Accordingly, we have carefully reviewed the entire trial record of Marshall and Helton. No motion for a severance appears therein, nor was any mention of a severance made on the direct appeal.

■■ Furthermore, it is considered appropriate to mention in passing, for the petitioner's benefit, that a motion for a severance is addressed to the sound discretion of the trial court, *Cole v. State*, 4 Tenn.Cr.App. 645, 654, 475 S.W.2d 196, and that an equally fundamental rule of law is that a trial court's exercise of judicial discretion may not be reviewed collaterally in post-conviction proceedings, *Ray v. State, supra*, and cases cited therein.

■ In a habeas corpus or post-conviction proceeding, the burden is on the petitioner to prove his allegations attacking the validity of his conviction. *Miller v. State*, 508 S.W.2d 804 (Tenn.Cr.App.1973). This petitioner has failed to carry that burden.

Affirmed.

MITCHELL, J., and JOE D. DUNCAN, Special Judge, concur.