FILED

08/09/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2017 Session

## ROY SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-76440        Royce Taylor, Judge**

_____

### No. M2017-00321-CCA-R3-PC
_____

Petitioner, Roy Smith, was convicted at trial of several drug-related offenses and sentenced to twelve years to be served consecutively to a prior aggregate sentence of thirty-seven years. Petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel when trial counsel advised him to reject a favorable plea offer in favor of attempting to have the charges dismissed at trial based on a jurisdictional argument. The post-conviction court denied relief. Petitioner now appeals, asking this Court, among other things, to require the State to re-extend the alleged plea offer pursuant to *Lafler v. Cooper*, 566 U.S. 156, 174 (2012). We decline and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. CAMILLE R. MCMULLEN, J., filed a separate dissenting opinion.

Dustin Faeder, Nashville, Tennessee, for the appellant, Roy Allen Smith.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Jennings H. Jones, District Attorney General; and John Zimmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

The facts underlying Petitioner's convictions in this case stem from the execution of a search warrant upon his property that resulted in the discovery of oxycodone and several hundred dihydrocodeinone pills. *See State v. Roy Allen Smith*, No. M2014-

01172-CCA-R3-CD, 2015 WL 3550106, at *1 (Tenn. Crim. App. June 8, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015). After a jury trial, Petitioner was convicted of simple possession of a Schedule II controlled substance, a Class A misdemeanor; possession of a Schedule III controlled substance with the intent to manufacture, deliver, or sell, a Class D felony; maintaining a dwelling used for keeping or selling controlled substances, a Class D felony; and possession of drug paraphernalia, a Class A misdemeanor. The trial court imposed an effective sentence of twelve years and ordered that the sentence be served consecutively to an aggregate thirty-seven-year sentence on eight prior convictions for which Petitioner had been on community corrections at the time of the offenses in this case.[1]

On direct appeal, trial counsel for Petitioner argued that the City of LaVergne Police Department did not have jurisdiction to prosecute the offenses against Petitioner because his property was located outside of the city limits. *Id.* at *3. Trial counsel framed the issue as a jurisdictional defect in the indictment rather than a challenge to the validity or execution of the search warrant. *Id*. at *4. At oral argument, trial counsel admitted that he intentionally waited to raise the issue with the indictment until after the trial had started. *Id*. at *3. This Court held that this issue did not qualify as a challenge to the subject matter jurisdiction of the trial court under Tennessee Rule of Criminal Procedure 12(b)(2)(B) and, therefore, was waived for failure to raise it pretrial. *Id.* Additionally, this Court noted that trial counsel failed to cite any authority to support his claim and failed to distinguish or argue for the overruling of *State v. Flynn*, 675 S.W.2d 494, 496-97 (Tenn. Crim. App. 1984), which held that a city police officer acting outside of his jurisdiction being listed as the prosecuting witness did not affect the validity of the indictment. *Roy Allen Smith*, 2015 WL 3550106, at *4. This Court affirmed Petitioner's convictions and sentences.

On September 19, 2016, Petitioner filed a pro se petition for post-conviction relief. As relevant to this appeal,[2] Petitioner argued that he received ineffective assistance of counsel when trial counsel advised him to reject a favorable plea offer from the State because trial counsel could "beat" the charges and have the case dismissed based on the faulty jurisdictional argument. Post-conviction counsel was appointed, who filed a memorandum of law supporting Petitioner's claim of ineffective assistance of counsel during plea negotiations and advising the court that no amended petition would be filed.

---

[1] Petitioner was serving three concurrent twelve-year sentences for possession of a Schedule III controlled substance consecutively to five consecutive five-year sentences for violating the Habitual Motor Vehicle Offender law. *See Helton v. State*, 530 S.W.2d 781, 783 (Tenn. Crim. App. 1975) (holding that this Court may take judicial notice of the record of a petitioner's direct appeal).

[2] Other allegations raised in the petition but not pursued on appeal are deemed abandoned. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009), *perm. app. denied* (Tenn. Apr. 16, 2010).

- 2 -

At the post-conviction hearing held on January 17, 2017, Petitioner was the only witness to testify. Trial counsel had passed away prior to the hearing. Petitioner testified that trial counsel had represented him on prior criminal matters and that each time, Petitioner had followed trial counsel's advice to plead guilty. Petitioner emphasized that he "never" went to trial and "always" accepted a plea bargain. Petitioner recalled receiving a plea offer that would dispose of both this case and his pending community corrections violation. As Petitioner explained, the offer was "to do 20 years on all of it run together. All the 25 and the 12 with a plea of guilty." However, Petitioner chose to go to trial in this case "[b]ecause [trial counsel] told me that he could beat it on the jurisdiction law. Said that LaVergne had no business coming out into the county." Petitioner never saw the twenty-year offer in writing, testifying that it was communicated to him by trial counsel. Petitioner testified that he would have taken that offer had he known that trial counsel's jurisdictional argument was erroneous because, as Petitioner explained, "It's a less sentence than I had to begin with."

On cross-examination, Petitioner admitted that he qualified as a career offender if he was convicted of a Class D felony and a Range III offender if he was convicted of a Class C felony.[3] Petitioner also admitted that he was already serving a thirty-seven-year sentence on community corrections for prior charges at the time of trial in this case. When Petitioner was confronted with the original assistant district attorney's[4] notes indicating that "the plea offer was 10 years at 45 percent to serve, consecutive to all of [his] other cases," Petitioner insisted that trial counsel told him that the offer was "20 on all of it. To squash everything and just give me a 20 on all of it, and go 20 at 45." When pressed further that he was already serving thirty-seven years "on paper" prior to the instant offenses, Petitioner replied, "I think [the original assistant district attorney] was just trying to give me a break on it. I got five five's running consecutive, which would make it a 25 year sentence for driving a car with no license." Petitioner agreed that twenty years to serve in confinement would be "a hard pill to swallow" for someone out on bond, but he insisted that it was "better than 49" years to serve. However, Petitioner testified that he had faith in trial counsel and believed that "If he beat the case on a jurisdiction law, I would have been back out on . . . my Community Corrections." Petitioner testified that he met with trial counsel seven or eight times but that they never

---

[3] *See* T.C.A. §§ 40-35-107, -108. Petitioner was originally charged with possession of a Schedule II controlled substance with the intent to manufacture, deliver, or sell, a Class C felony. *See* T.C.A. § 39-17-417(c)(2)(A). He was convicted of the lesser-included offense of simple possession of a Schedule II controlled substance, a Class A misdemeanor, *see* T.C.A. § 39-17-418, in addition to two Class D felonies.

[4] The assistant district attorney handling Petitioner's case at trial was Jennings Jones, who was serving as District Attorney General by the time of the post-conviction hearing.

discussed any defense other than the jurisdictional argument. Petitioner never disputed that most of the drugs found belonged to him.

Without objection from the State, post-conviction counsel offered into evidence three pieces of paper containing handwritten notes from trial counsel's file. The first page contained notes regarding the jurisdictional issue and the sufficiency of the evidence, possibly written in preparation for the appeal of this case. A note at the top of the page read, "Issue: City of LaVergne case being prosecuted for conduct outside the City of LaVergne[.] Is that ok[?]" Other notes on the page read, "25[,] 12 years consec," "Concede the suff of evid.," "facts r suspicious," "Strategy," and "One could argue overwhelming evid of guilt." The second page also appeared to be appellate notes regarding the jurisdictional issue, conceding "It was a strategy – maybe we were wrong." The third page, written in a different handwriting, appeared to be notes regarding research into the jurisdictional issue, stating "The loophole I was trying to go down (which might be a bunny trail) is if the search warrant was not given to the correct person then it's all out." Post-conviction counsel argued that these notes indicated that trial counsel was "starting to realize that this trial strategy of putting everything on the jurisdictional argument just wasn't right, it wasn't working." Post-conviction counsel pointed out trial counsel's concession in the direct appeal that he waited to raise the jurisdictional argument until mid-trial and surmised that the only reason "a person would do that, is if they are trying to get double jeopardy to attach before they get it dismissed."

Post-conviction counsel, the State, and the post-conviction court then attempted to clarify what the plea offer from the State had been and what Petitioner's total effective sentence was. Post-conviction counsel stated that he was previously unaware that Petitioner was serving a twelve-year sentence on community corrections in addition to the twenty-five-year sentence for the motor vehicle violations at the time Petitioner was sentenced in this case. Post-conviction counsel asked, "Is this consecutive to those for that 49 year total?" Both post-conviction counsel and the prosecutor for the State believed Petitioner's sentence was "the 25 plus the 12." Petitioner stated, "My paperwork says 25, 12, and 12." Post-conviction counsel was not sure which of those sentences were concurrent and which were consecutive. Without objection from post-conviction counsel, the State offered into evidence a copy of the file on which the original assistant district attorney had noted his plea offer was ten years to be served at forty-five percent "consec [sic]." The State explained "that would have meant consecutive to all of his probation violations." The State noted that from its review of trial counsel's "pretty extensive" file, which was "about 3 inches thick," there were no notes regarding plea negotiations. The State also pointed out that the twelve-year sentence that Petitioner received from the trial court in this case was mandatory for a career offender convicted of a Class D felony.

In its written order denying relief, the post-conviction court found that Petitioner had failed to establish deficient representation on the part of trial counsel. The court determined that Petitioner had failed to present clear and convincing evidence that the twenty-year-inclusive plea deal he claimed had been offered to him even existed. The court noted that Petitioner did not claim that trial counsel failed to convey the State's ten-year plea offer. Because Petitioner offered no proof of the existence of another plea offer "aside from Petitioner's word," the court found that Petitioner had failed to prove that trial counsel's performance was deficient during plea negotiations. It is from this order that Petitioner now appeals and asks this Court to require the State to "re-extend" the offer of 10 years at 45 percent.

*Analysis*

On appeal, Petitioner argues that he received ineffective assistance of counsel during the plea negotiation stage. Specifically, Petitioner alleges that trial counsel's performance was deficient when he advised Petitioner to reject a favorable plea offer based on the faulty belief that the case would be dismissed on the jurisdictional argument. Petitioner alleges that but for trial counsel's deficient performance, he would have accepted the State's more favorable plea offer. Petitioner acknowledges the conflicting evidence as to the terms of the offer extended but argues that the "implausibility of the [D]efendant's recollection of a 20-year offer, inclusive of a prior 37 year sentence" is further evidence of trial counsel's deficient performance in "seriously consider[ing] or transmit[ting] the District Attorney's plea offer." Petitioner asks this Court to require the State to re-extend the ten-year offer reflected in the original assistant district attorney's notes pursuant to the United States Supreme Court's opinion in *Lafler v. Cooper*, 566 U.S. 156, 174 (2012). The State responds that Petitioner has failed to overcome the presumption that trial counsel exercised reasonable judgment in all strategic decisions, including his reliance on the jurisdictional argument at trial. Furthermore, the State argues that Petitioner failed to prove that he was prejudiced because he failed to prove that he would have accepted the ten-year plea offer that was extended by the State.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the

factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). This right extends to critical pre-trial stages, including plea bargaining. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)); *see also Lafler*, 566 U.S. at 162. In order to sustain a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999); *see also Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369).

During plea negotiations, trial counsel has the duty to promptly communicate and explain any plea offers extended by the prosecution. *Nesbit v. State*, 452 S.W.3d 779, 800 (Tenn. 2014); *see also Frye*, 566 U.S. at 145 ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). Trial counsel must provide the defendant "with competent and fully informed advice, including an analysis of the risks that the [defendant] would face in proceeding to trial." *Nesbit*, 452 S.W.3d at 800 (quoting *Burt v. Titlow*, 571 U.S. 12, 25 (2013) (Sotomayor, J., concurring)). An evaluation of counsel's performance in advising a defendant whether to accept or reject a plea offer "depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). As other appellate courts have recognized, "a defense attorney's simple misjudgment as to the strength of the prosecution's case, the chances of acquittal, or the sentence a defendant is likely to receive upon conviction, among other matters involving the exercise of counsel's judgment, will not, without more, give rise to a claim of ineffective assistance of counsel." *Com. v. Mahar*, 809 N.E.2d 989, 994 (Mass. 2004) (quoting *In re Alvernaz*, 830 P.2d 747, 755 (Cal. 1992)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 690-91).

In order to establish prejudice, a petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). "In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. "Even if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence." *Id.* at 166. The Tennessee Supreme Court has adopted the following test for determining prejudice in this context:

> [A] defendant claiming that trial counsel's performance was deficient in the plea negotiations process has the burden to show by a reasonable probability that, but for counsel's deficient representation, (1) the defendant would have accepted the plea, (2) the prosecution would not have withdrawn the offer, and (3) the trial court would have accepted the terms of the offer, such that the penalty under its terms would have been less severe than the penalty actually imposed.

*Nesbit*, 452 S.W.3d at 800-01 (citing *Lafler*, 566 U.S. at 164).

In this case, the post-conviction court did not analyze whether trial counsel provided deficient performance when he allegedly advised Petitioner to reject a plea offer based on his belief that the case would be dismissed on jurisdictional grounds. Instead, the post-conviction court determined that Petitioner failed to prove that trial counsel's performance was deficient because Petitioner failed to prove the existence of the twenty-year-inclusive plea offer, relying on this Court's opinion in *Barry Singleton v. State*, No. W2011-02569-CCA-R3-PC, 2012 WL 5355699, at *5 (Tenn. Crim. App. Oct. 29, 2012), *no perm. app. filed*. However, *Barry Singleton* was a case in which trial counsel was alleged to have failed to convey a specific plea offer to the petitioner. *Id*. at *1. An attorney's performance cannot be deficient for failing to convey an offer that never existed. By contrast, in order to determine deficient performance under the circumstances in this case, we would need to determine whether trial counsel's advice to reject a plea offer, regardless of its exact terms, was within the range of competence demanded of attorneys in criminal cases.[5] However, we need not determine whether trial counsel's actions in this case—including intentionally waiting to raise the jurisdictional argument until mid-trial—amount to deficient performance because Petitioner has failed to prove prejudice. *See Goad*, 938 S.W.2d at 370 (holding that a court need not address both prongs of the *Strickland* test if the petitioner fails to make an adequate showing on one).

As the post-conviction court found, Petitioner failed to prove by clear and convincing evidence the existence of a plea offer from the State that would reduce the sentence he was currently severing from thirty-seven years to twenty years while simultaneously pleading guilty to additional felonies. The evidence in the record does not preponderate against this finding. *See Vaughn*, 202 S.W.3d at 115. Trial counsel had passed away prior to the hearing, and his notes did not contain any reference to a plea offer from the State. The post-conviction court did not accredit Petitioner's testimony regarding this offer, and we will not second-guess such credibility determinations on appeal. *See Honeycutt*, 54 S.W.3d at 766-67. In his appellate brief, Petitioner recognizes "the implausibility of [Petitioner's] recollection of a 20-year offer, inclusive of a prior 37 year sentence." It simply defies logic that the State would, or even legally could, have made such an offer that effectively would result in an accused (a potential career offender) departing the courthouse with additional convictions but with a much shorter sentence than he had when he arrived. A sentence Petitioner described as a "less sentence than I had to begin with." The record does not support a finding that this offer was ever made.

---

[5] Petitioner did not allege that trial counsel failed to convey the ten-year offer from the State or that he failed to provide adequate advice regarding Petitioner's potential sentencing exposure.

On appeal, Petitioner appears to change course and urges this Court to find that he would have accepted the ten-year-consecutive offer reflected in the State's file. Even though Petitioner testified that he had "always" pled guilty in prior cases based on trial counsel's advice, Petitioner never testified that he would have accepted the State's ten-year-consecutive offer in this case. He repeatedly insisted that the offer he wanted to accept was the asserted twenty-year-inclusive offer.[6] An offer, we conclude, that never existed.

By failing to prove that there is a reasonable probability that he would have accepted the ten-year-consecutive plea offer extended by the State, Petitioner has failed to prove that he was prejudiced by any alleged deficiency on the part of trial counsel. *See Nesbit*, 452 S.W.3d at 801 (citing *State v. Garrison*, 40 S.W.3d 426, 431 (Tenn. 2000)) (holding defendant not entitled to relief when he failed to prove that he would have accepted the plea offer if properly conveyed). Moreover, there was no evidence in the record as to whether "the trial court would have accepted the terms of the offer," *id.* at 800, especially with regard to Petitioner's asserted twenty-year-inclusive offer.[7] Because Petitioner failed to establish prejudice under the test set forth by our supreme court in *Nesbit*, he is not entitled to post-conviction relief for ineffective assistance of counsel. Therefore, we need not address the appropriate remedy under *Lafler*.

*Conclusion*

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE

---

[6] This Court has previously recognized that "[t]he Sixth Circuit does not require a defendant to support his own assertion that he would have accepted the offer with additional objective evidence." *Joseph Lamont Johnson, Jr. v. State*, No. M2012-02310-CCA-R3-PC, 2014 WL 793636, at *9 (Tenn. Crim. App. Feb. 27, 2014) (citing *Griffin v. U.S.*, 330 F.3d 733, 737 (6th Cir. 2003); *Smith v. U.S.*, 348 F.3d 545, 551 (6th Cir. 2003)), *perm. app. denied* (Tenn. July 14, 2014). However, Petitioner made no such assertion in this case with regard to the ten-year-consecutive offer made by the State.

[7] The original trial judge in this case did not hear the post-conviction petition and has since passed away.