IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 10, 2021

## GAI D. KUOT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 16919     Christopher V. Sockwell, Chancellor**

_____

## No. M2021-00197-CCA-R3-HC

_____

Gai D. Kuot, Petitioner, filed a petition for writ of habeas corpus (the "petition") claiming that his convictions are void because the indictment was defective, the capias was unsigned, and the trial court did not have subject matter jurisdiction. The trial court summarily dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Gai D. Kuot, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural Background

In 2012, a Davidson County jury convicted Petitioner of premeditated first degree murder, first degree felony murder, and especially aggravated robbery. The trial court sentenced Petitioner to an effective term of life imprisonment. This court affirmed the judgments of the trial court. *State v. Gai D. Kuot*, No. M2012-01884-CCA-R3-CD, 2013 WL 4539020 at *1 (Tenn. Crim. App. Aug. 26, 2013), *perm. app. denied* (Tenn. Dec. 11, 2013.)

On November 6, 2020, Petitioner filed a petition for writ of habeas corpus claiming that he was being illegally and unlawfully imprisoned and restrained of his liberty as a result of the convictions in this case. The trial court found that Petitioner had failed to show that his sentence had expired and entered an order dismissing the petition. Petitioner timely appealed.

**Analysis**

On appeal, Petitioner alleges that his convictions are void because his indictment: (1) was undated, (2) did not include a case number, (3) did not show a foreperson's signature, (4) did not reflect a "True Bill," and (5) was not signed by the District Attorney. Petitioner also claims on appeal that his convictions are void because the capias was unsigned and because the trial court did not have subject matter jurisdiction at trial.

*Habeas Corpus Relief*

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)).

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

Alleged Defects in the Indictment

Petitioner attached to the petition a copy of an indictment mailed to him by the Custodian of the Records of the Office of District Attorney in response to his "Request for Records." Petitioner is correct that the copy of the indictment mailed to him in response to the "Request for Records" was defective because it was undated, did not include a case number, did not show a foreperson's signature, did not reflect a "True Bill," and was not signed by the District Attorney. Petitioner's claim that the indictment was void based on these defects is without merit for a number of reasons.

First, the original indictment was not defective. This court "may take judicial notice of the record of [Petitioner's] direct appeal to this Court." *Helton v. State*, 530 S.W.2d 781, 783 (Tenn. Crim. App. 1975). The technical record in Petitioner's direct appeal includes the original indictment that was filed in the Criminal Court of Davidson County on June 11, 2010. *See* the technical record, Volume I, pages 1-5, *Gai D. Kuot*, 2013 WL 4539020 at *1. The filed indictment was witnessed by the prosecutor before the Davidson County Grand Jury, was signed by the foreperson of the Grand Jury on June 11, 2010, shows the case number "2010-B-1529," has a check mark in the box for "A True Bill," and was signed by the District Attorney General for the Twentieth Judicial District.

Second, even if the alleged defects in the indictment had been true, they would not render the judgment void because they would not show that the trial court was without jurisdiction or authority to sentence Petitioner or that Petitioner's sentence of imprisonment or other restraint had expired.

Third, even if the alleged defects in the indictment had been true, by failing to object pretrial, Petitioner waived any objection to the indictment's being undated, not including a case number, not showing a foreperson's signature, not reflecting a "True Bill," and not being signed by the District Attorney. *See* Tenn. R. Crim. P. 12(b)(2), (f) .

Alleged Defects in the Capias

Petitioner attached a copy of a capias also mailed to him by the Custodian of the Records of the Office of District Attorney in response to a "Request for Records." That copy of the capias was unsigned. Although the record from Petitioner's direct appeal does not contain a capias, it does contain a "Memorandum of Law in Support of Motion to Dismiss" filed by Petitioner on December 8, 2011, stating that Petitioner "was indicted on June 11, 2010," "was arrested on June 14, 2010," and "has been continuously incarcerated since the date of his arrest." A clerk shall issue a capias or a criminal summons after a grand jury returns an indictment for a defendant "(1) who is not in actual custody; (2) who

has not been released on recognizance or bail; or (3) whose bail has been declared forfeit." Tenn. R. Crim. P. 9(a). A capias is an "intermediate process having the sole purpose of securing the presence of the defendant." *Moore v. State*, 578 S.W.2d 78, 81 (Tenn. 1979).

Even if Petitioner's claim that the capias was void were true and his arrest were illegal, that would not entitle him to habeas corpus relief. *See Russell Leaks v. Bruce Westbrooks, Warden*, No. M2014-02324-CCA-R3-HC, 2015 WL 8481926, at *2 (Tenn. Crim. App. Dec. 10, 2015). "It has long been established in this jurisdiction that there is no constitutional immunity from an unlawful arrest." *State v. Dulsworth*, 781 S.W.2d 277, 282 (Tenn. Crim. App. 1989). "The fact that an accused has been unlawfully arrested only becomes relevant when evidence tainted by the arrest is sought to be introduced by the State." *Id.* at 282-83. "When no evidence emanates from an illegal arrest, the arrest is essentially inconsequential in the criminal justice arena." *State v. Lindsey A. Ochab*, No. M2015-02290-CCA-R3-CD, 2016 WL 6247429, at *4 (Tenn. Crim. App. Oct. 26, 2016).

*Jurisdiction*

Petitioner also claims on appeal that his convictions are void because the trial court did not have subject matter jurisdiction. Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived. Tenn. R. Crim. P. 12(b)(2), (f). However, a court may hear a claim that the indictment fails to show jurisdiction in the court "at any stage of the proceedings, including in a habeas corpus petition." *Wyatt*, 24 S.W.3d at 323.

The indictment in Count 1 of this case alleged that Petitioner "on or about the 21st day of April, 2010, in Davidson County, Tennessee, and before the finding of the indictment, unlawfully, intentionally, and with premeditation did kill Malith Dut Ador Wiek, in violation of Tennessee Code Annotated §39-13-202." The indictment in Count 2 alleges that Petitioner "on or about the 21st day of April, 2010, in Davidson County, Tennessee, and before the finding of the indictment, did kill Malith Dut Ador Wiek, during the perpetration of or attempt to perpetrate a theft in violation of Tennessee Code Annotated §39-13-202." The indictment in Count 3 alleges that Petitioner "on or about the 21st day of April, 2010, in Davidson County, Tennessee, and before the finding of the indictment, intentionally or knowingly did take from the person of Malith Dut Ador Wiek certain property; to wit: an automobile or other personal property, by violence or putting Malith Dut Ador Wiek in fear, the robbery accomplished with a deadly weapon and Malith Dut Ador Wiek, suffered serious bodily injury, in violation of Tennessee Code Annotated §39-13-403."

"'Lack of jurisdiction' refers to subject matter jurisdiction[,]" i.e., "a court's authority to adjudicate a dispute brought before it." *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997); *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010). "Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by legislative or constitutional act." *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004). "The circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." Tenn. Code Ann. § 40-1-108 (2011). Petitioner's case was tried before the Davidson County Criminal Court, which had subject matter jurisdiction over crimes occurring within Davidson County.

## Conclusion

Petitioner failed to state a cognizable claim for habeas corpus relief, and we affirm the summary dismissal of the petition.

_____
ROBERT L. HOLLOWAY, JR., JUDGE