IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 21, 2021 at Knoxville

## STATE OF TENNESSEE v. GARY WAYNE GARRETT

**Appeal from the Criminal Court for Davidson County**
No. 86-W-107       Steve R. Dozier, Judge
_____

### No. M2021-00272-CCA-R3-CD
_____

Gary Wayne Garrett filed a Tennessee Rule of Criminal Procedure 36 motion seeking correction of clerical errors in his judgments of conviction. Mr. Garrett claimed that he was entitled to pretrial jail credit on various counts, several of which were ordered to be served consecutively. The trial court issued a comprehensive written order finding that the judgments correctly awarded pretrial jail credit and dismissed the motion. We determine that this appeal is frivolous and affirm the dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Gary Wayne Garrett, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Richard Davison Douglas, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 3, 1986, a Davidson County Grand Jury indicted Mr. Garrett on eighteen felony counts. Following trial, a jury convicted Mr. Garrett of sixteen of the counts. As the following chart shows, the trial court aligned the sentences into six sets, with the sentences in each set aligned concurrently, and with the effective sentence in each of the six sets aligned consecutively.

| Set | Count No. | Offense | Sentence | Alignment | Effective Sentence |
|---|---|---|---|---|---|
| 1 | 1 | First degree burglary | 8 years | *CC with 2,3,4; **CX to all other counts | 30 years |
| | 2 | Petit larceny | 2 years | CC with 1,3,4; CX to all other counts | |
| | 3 | Aggravated rape | 30 years | CC with 1,2,4; CX to all other counts | |
| | 4 | Aggravated rape | 30 years | CC with 1,2,3; CX to all other counts | |
| 2 | 5 | First degree burglary while in possession of a firearm | 11 years | CC with 6,7; CX to all other counts | 30 years |
| | 6 | Aggravated rape | 30 years | CC with 5,7; CX to all other counts | |
| | 7 | Aggravated rape | 30 years | CC with 5, 6; CX to all other counts | |
| 3 | 8 | First degree burglary while in possession of a firearm | 11 years | CC with 9; CX to all other counts | 11 years |
| | 9 | Assault with the intent to commit rape while employing a firearm | 11 years[1] | CC with 8; CX to all other counts | |
| 4 | 10 | First degree burglary | 8 years | CC with 11,12; CX to all other counts | 10 years |
| | 11 | Rape | 10 years | CC with 10, 12; CX to all other counts | |

---

[1] This sentence consists of six years for the assault plus five years for employing a firearm. *State v. Gary Wayne Garrett,* No. 86-274-III, 1988 WL 3625, at *1 (Tenn. Crim. App. Jan. 20, 1988), *perm. app. denied* (Tenn. Apr. 4, 1988).

| | 12 | Rape | 10 years | CC with 10, 11; CX to all other counts | |
|---|---|---|---|---|---|
| 5 | 14 | First degree burglary while in possession of a firearm | 11 years | CC with 15, 16; CX to all other counts | 30 years |
| | 15 | Aggravated rape | 30 years | CC with 14, 16; CX to all other counts | |
| | 16 | Aggravated rape | 30 years | CC with 14, 15; CX to all other counts | |
| 6 | 18 | Attempted first degree burglary while employing a firearm | 8 years[2] | CX to all other counts | 8 years |

*Concurrently
**Consecutively


The trial court sentenced Mr. Garrett to an effective 119 years' incarceration. The convictions and sentences were affirmed on appeal. *Gary Wayne Garrett*, 1988 WL 3625, at *1.

On December 15, 2020, Mr. Garrett filed a Tennessee Rule of Criminal Procedure 36 motion to correct clerical errors in judgments. Mr. Garrett claimed that because all sixteen convictions "occurred in a single trial under the same case number[,]" he was entitled to pretrial jail credit on all of his "concurrent sentences" in sets 1 through 6.

On February 25, 2021, the trial court filed a thorough written order addressing all arguments made by Mr. Garrett and dismissing the Rule 36 motion. The order noted that the court "amended the judgment in June of 2015 to include the appropriate pre[]trial jail credits, crediting them on the sentence for Count[s] 1 – 4[,]" that "pretrial jail credits ha[d] been correctly provisioned in its order dated June 22, 2015," and that Mr. Garrett was "entitled to no further relief nor jail credit days."

Mr. Garrett timely appeals.

---

[2] This sentence consists of three years for the attempted first degree burglary plus five years for employing a firearm. *Gary Wayne Garrett*, 1988 WL 3625 at *1.

## ANALYSIS

Mr. Garrett claims that there was a clerical error in his judgments concerning the application of his pretrial jail credit. He argues that the days he was incarcerated pretrial should be credited to each of his six consecutive sets of sentences rather than to his first set of sentences only. The State argues that the trial court correctly found that Mr. Garrett had been awarded pretrial jail credit, that he was not entitled to credit for each set of sentences, and that the court properly dismissed the Rule 36 motion. We determine that the issue raised by Mr. Garrett in this appeal has been previously and unsuccessfully raised by Mr. Garrett multiple times on appeal. We agree that the trial court properly dismissed the motion.

Tennessee Code Annotated section 40-23-101(c) requires the trial court at the time the sentence is imposed "to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial." Tennessee Rule of Criminal Procedure 36 allows a trial court to correct clerical errors in judgments at any time. Tenn. R. Crim. P. 36. "Failure to award pretrial jail credits is a clerical error." *State v. Ashley Carver*, No. W2019-01727-CCA-R3-CD, 2020 WL 2499940, at *2 (Tenn. Crim. App. May 14, 2020) (citing *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015)).

A defendant who receives consecutive sentences is only allowed pretrial jail credits to be applied toward the first sentence. *Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006), *no perm. app. filed*; *State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002), *no perm. app. filed*. Pretrial jail credit has been properly applied to Mr. Garrett's thirty-year sentence in set 1. Mr. Garrett is not entitled to pretrial jail credit on his consecutive sentences in sets 2, 3, 4, 5, and 6.

### Frivolous Appeal

Mr. Garrett has unsuccessfully raised the issue concerning the application of pretrial jail credit to his consecutive sentences on three previous occasions that have been appealed to this court or to the Court of Appeals.

Mr. Garrett previously filed a Petition for Declaratory Order with the Commissioner of the Tennessee Department of Correction (TDOC), claiming in part that he was entitled to pretrial jail credit on each of his six consecutive sentences. *Gary Wayne Garrett v. George Little, Commissioner*, No. M2008-01867-COA-R3-CV, 2009 WL 2432974, at *1

- 4 -

(Tenn. Ct. App. Aug. 7, 2009), *perm. app denied* (Tenn. Mar. 1, 2010). The TDOC denied the petition, and Mr. Garrett sought review in the Davidson County Chancery Court, which granted summary judgment to the TDOC. Mr. Garrett appealed. The Court of Appeals concluded:

> [Mr.] Garrett's pretrial jail credits were correctly applied to his first sentence and properly omitted from his consecutive sentences. "A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre[]trial jail credits to be applied toward the first sentence."

*Id.* at *3 (quoting *Marvin Rainer*, 2006 WL 156990, at *5).

In 2012, Mr. Garrett filed a petition seeking habeas corpus relief, claiming that he did not properly receive mandatory pretrial jail credit. The habeas corpus court granted the State's motion to dismiss, and Mr. Garrett appealed. This court issued a Memorandum Opinion affirming the habeas corpus court. *Gary Wayne Garrett v. Avril Chapman, Warden*, No. M2013-00601-CCA-R3-HC, 2013 WL 6187939, at *1 (Tenn. Crim. App. Nov. 25, 2013), *perm. app. denied* (Tenn. May 16, 2014). Concerning pretrial jail credit, this court stated:

> However, nothing on the face of Petitioner's judgments reflects that his convictions are void or that his sentences are illegal. Most notably, the Court of Appeals has already determined that the trial court properly applied pretrial jail credits to his first sentence and correctly omitted the credits from his consecutive sentences. *See Gary Wayne Garrett*, 2009 WL 2432974, at *4.

*Gary Wayne Garrett*, 2013 WL 6187939, at *4.

Mr. Garrett then filed a Tennessee Rule of Criminal Procedure 36.1 motion "to correct what he views as sentences which are illegal" because the trial court failed to award proper pretrial jail credit on all of his six sets of convictions, including the five sets that were aligned consecutively to the other sets.[3] *State v. Gary Wayne Garrett*, No. M2015-01390-CCA-R3-CD, 2016 WL 1161069, at *1 (Tenn. Crim. App. Mar. 23, 2016). This court noted that the trial court issued an amended judgment dated June 22, 2015, "to ensure that Mr. Garrett received pretrial jail credits from October 31, 1985, to October 10, 1986." On appeal, this court concluded that Mr. Garrett "failed to present a colorable claim for

---

[3] Although the opinion does not specifically mention the application of pretrial jail credit to the consecutive sets of convictions, we taken judicial notice of the record of Mr. Garrett's Rule 36.1 appeal, which clearly shows that was what Mr. Garrett claimed resulted in his sentence being illegal. *See Helton v. State*, 530 S.W.2d 781, 783 (Tenn. Crim. App. 1975).

relief in asking for additional credits, pursuant to Rule 36.1, and affirm[ed] the order of the court awarding only these credits." *Id*.

Rule 22(B) of the Rules of the Court of Criminal Appeals states that:

A "frivolous" appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit that there is little, if any, prospect that it can ever succeed. To be frivolous, an appeal must be so clearly untenable or manifestly insufficient that its character may be determined by a bare inspection of the record, without argument or research.

We determine from a "bare inspection of the record" that the instant appeal is "devoid of merit" and "clearly untenable." The appeal is frivolous.

## CONCLUSION

The judgment of the trial court is affirmed. Pursuant to Tennessee Code Annotated section 40-25-143, costs are taxed against Mr. Garrett.

_____
ROBERT L. HOLLOWAY, JR., JUDGE